IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **PATRICK BOUVIA KIMBLE,** § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 3:13-cv-2309-O |
| § | |
| **WILLIAM STEPHENS, Director,** § | |
| **Texas Dept. of Criminal Justice,** § | |
| **Correctional Institutions Division,** § | |
| § | |
| Respondent. § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONOF THE UNITED STATES MAGISTRATE JUDGE, AND DENYING CERTIFICATE OF APPEALABILITY

The United States Magistrate Judge made findings, conclusions and a recommendation in this case. No objections were filed. The District Court reviewed the proposed findings, conclusions and recommendation for plain error. Finding none, the Court **ACCEPTS** the Findings, Conclusions and Recommendation of the United States Magistrate Judge.

Petitioner filed a § 2254 petition on October 13, 1998, which was denied. *See* Findings, Conclusions, and Recommendation 2, ECF No. 13. Petitioner filed the instant § 2254 petition on June 4, 2013, but the Fifth Circuit has not issued an order authorizing the instant petition. *Id.* When a petition is second or successive, the petitioner must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). Because the instant petition is successive, this Court is without jurisdiction to entertain the petition unless leave to file is granted by the Fifth Circuit. *See Crone v. Cockrell*, 324 F.3d 833 (5th Cir. 2003).

It is therefore **ORDERED** that the petition for habeas corpus relief, brought pursuant to 28 U.S.C. § 2254, is hereby **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002), and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the Court **DENIES** a certificate of appealability. The Court adopts and incorporates by reference its Memorandum Order filed in this case in support of its finding that the petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).[1]

In the event, the petitioner will file a notice of appeal, the court notes that

( **X** ) the petitioner will proceed *in forma pauperis* on appeal.

(  ) the petitioner will need to pay the $455.00 appellate filing fee or submit a motion to proceed *in forma pauperis*.

---

[1] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases, as amended effective on December 1, 2009, reads as follows:
  **(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
  **(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**SO ORDERED** on this **4th day** of **October**, **2013.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**